UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ALETHIA A.,

              Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

───────────────────────────────

20-CV-01348-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16)

Plaintiff Alethia A.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 11) is denied, defendant's motion (Dkt. No. 13) is granted, and the case is closed.

---

[1] In accordance with the District's November 18, 2020, Standing Order, Plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB on April 3, 2017, and for SSI payments on April 7, 2017. (Administrative Transcript ["Tr."] 201-13). In both applications, the Plaintiff alleged disability beginning December 24, 2016. (Tr. 20). The applications were initially denied on June 27, 2017. (Tr. 86-87; 90-97). Plaintiff timely filed a request for an administrative hearing. (Tr. 98-112). On April 4, 2019, Administrative Law Judge ("ALJ") Benjamin Chaykin held a video hearing from Alexandria, VA. (Tr. 37-73). Plaintiff appeared, with her attorney, in West Seneca, NY. A vocational expert also appeared. The ALJ issued an unfavorable decision on May 8, 2019. (Tr. 17-31). Plaintiff timely requested review by the Appeals Council ("AC") on May 16, 2019. (Tr. 190-03). The AC granted Plaintiff's request for review on June 17, 2020, (Tr. 194-200), and issued its own decision denying Plaintiff's claims on July 23, 2020. (Tr. 1-11). The AC adopted the ALJ's findings at steps one through three of the sequential evaluation, as well as the ALJ's RFC determination, but found that the ALJ erred in assessing Plaintiff's past relevant work and issued new findings at steps four and five. (Tr. 1-11). The AC concluded that Plaintiff was still not disabled within the meaning of the Act. (Tr. 1-11). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

"supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

   III.   *The Denial Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 24, 2016, her alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff's had severe impairments of anemia and dysfunctional uterine bleeding, along with non-severe impairments of left ring mallet finger, uterine fibroids, enlarged uterus, gout, and left foot osteoarthritis. (Tr. 22-23). At step three, the ALJ found Plaintiff's impairments did not meet or equal the severity of a listed impairment set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. (Tr. 23). The ALJ then found Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), except she could not be exposed to dangerous hazards, such as unprotected

heights or dangerous machinery. (Tr. 23-27). The AC adopted the ALJ's findings at steps one through three, as well as the RFC determination. (*See* Tr. 4-6).

At step four, the AC found that Plaintiff did not have any past relevant work. (Tr. 6). The AC then proceeded to step five and found that other work existed in significant numbers that Plaintiff could perform. (Tr. 6-7). The AC noted that given Plaintiff's age and vocational profile, a medium RFC as found by the ALJ did not direct a finding of disability under Medical-Vocational Rules 203.21 and 203.28. (Tr. 7); *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, Grid Rules 203.21, 203.28. Moreover, the AC explained that Plaintiff's additional RFC limitations to avoid dangerous hazards, namely heights and machinery, did not significantly erode the occupational base pursuant to Social Security Ruling (SSR) 83-14. (Tr. 7, *citing to* SSR 83-14, 1983 WL 31254); *see also* SSR 85-15, 1985 WL 56857, at *8 (noting that limitations regarding "unprotected elevations and dangerous moving machinery" do not significantly erode the occupational base at any exertional level). In the alternative, the AC explained that at the hearing, a vocational expert testified that Plaintiff could perform three light positions with the same limitation to avoid dangerous machinery. (Tr. 7); *see* 20 C.F.R. §§ 404.1567(c), 416.967(c) ("If someone can do medium work, we determine that he or she can also do sedentary and light work."). Thus, the AC found that Plaintiff was not disabled under the Act during the relevant period. (Tr. 7-9).

IV.     *Plaintiff's Challenge*

Plaintiff argues that the ALJ erred by failing to evaluate properly the medical opinion of Plaintiff's primary care physician, Dr. Vijay Aswani, M.D. More particularly, she argues that the ALJ failed to explain properly the supportability and consistency factors as required by the social security regulations. The Court disagrees.

As an initial matter, while Plaintiff takes issue with how the ALJ considered the medical opinions in the record, an ALJ may "choose between properly submitted medical opinions." *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, although Dr. Aswani was a treating source, the applicable regulations state that, for claims filed on or after March 27, 2017, such as Plaintiff's claim, no opinions are entitled to any deference or specific evidentiary weight. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Instead, an ALJ need only articulate how he or she considered a medical opinion from a medical source by indicating how persuasive he or she considered a medical opinion to be. *Id.* The most important factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). An ALJ may, but is not required, to explain how he or she considered factors other than consistency and supportability, as appropriate. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Put simply, Dr. Aswani's opinions were not entitled to any specific evidentiary weight.

The ALJ here properly considered Dr. Aswani's medical opinions and statements by indicating that he found them "not persuasive." (Tr. 26-27); *see* 20 C.F.R. §§

404.1520c(a), (b)(2), (c)(1), (2), 416.920c(a), (b)(2), (c)(1), (2).  On August 25, 2018, Dr. Aswani opined that Plaintiff was moderately limited in walking, standing, lifting, carrying, pushing, pulling, bending, and climbing.  (Tr. 604-09).  On November 13, 2018, Dr. Aswani opined that Plaintiff was "very limited" in walking, standing, sitting, lifting, and carrying and had no limitation or was very limited in using hands.  (Tr. 458-59).  Dr. Aswani also provided multiple statements noting that Plaintiff could not work.  (Tr. 451, 453).

Initially, the ALJ correctly noted that Dr. Aswani's notations on Plaintiff's inability to work were not conclusive because the ultimate issue of disability is reserved to the Commissioner.  (Tr. 26); 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3) (noting that a statement on a claimant's ability to work is inherently neither valuable nor persuasive to the issue of disability and that "we will not provide any analysis about how we considered such evidence in our determination or decision").  Moreover, in accordance with the regulations, the ALJ found the remainder of Dr. Aswani's opinions not persuasive, and in doing so, considered the factors of supportability and consistency. *See* (Tr. 26-27); 20 C.F.R. § 404.1520c(b)(2), 416.920c(b)(2); *see also* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1) (noting that an ALJ will consider one or more medical opinions from the same medical source together using the above factors and is not required to articulate how he considered each opinion or finding).

First, in considering the supportability of the opinions, the ALJ noted that Dr. Aswani's limitations were vague and appeared to be based on Plaintiff's subjective complaints. (Tr. 26). Indeed, Dr. Aswani rendered his opinions on "checkbox" forms, and the Second Circuit has stated that such forms are "marginally useful." (Tr. 458-59, 604-05); *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004); *see* 20 C.F.R. §§

404.1520c(c)(1), 416.920c(c)(1). In rendering his opinions, Dr. Aswani did not reference clinical examination findings and merely recited Plaintiff's diagnoses.  (Tr. 458-59, 604-05).  Moreover, Dr. Aswani only began treating Plaintiff in April 2018 (*see* Tr. 450, 459), and the doctor's treatment notes covering the period prior to his August 2018 opinion do not document objective physical examination findings, supporting a reasonable inference that the August 2018 opinion was not based on objective findings. *See* (Tr. 450-53). Further, because the ALJ reasonably found that Plaintiff's subjective complaints were inconsistent with the overall record, such as Plaintiff's sparse treatment history, the ALJ was entitled to reject Dr. Aswani's opinion in part due to it being based on Plaintiff's subjective complaints. *See Tomczak v. Comm'r of Soc. Sec.*, No. 18-CV-64-FPG, 2019 WL 2059679, at *1 (W.D.N.Y. May 9, 2019) (noting that an ALJ may reject an opinion "if he previously found the claimant's subjective complaints unsound and the medical source relied on those complaints when reaching his opinion").

The ALJ, in his decision, also considered whether Dr. Aswani's treatment notes supported a finding of disability. *See Mark K. v. Comm'r of Soc. Sec.*, No. 20-CV-833S, 2021 WL 4220621, at *5 (W.D.N.Y. Sept. 16, 2021) (finding that the ALJ "met the obligation to explain her approach as to supportability" of an opinion by reviewing the author's treatment notes).  In his decision, the ALJ considered that Plaintiff saw Dr. Aswani in November 2018 for an acute gout flare, where she exhibited gait deficits.  (Tr. 25-27).  However, the ALJ found that this one visit did not support the need for further restriction because it was inconsistent with Plaintiff's longitudinal treatment history showing generally normal baseline objective findings pertaining to gait and range of motion. *See* (Tr. 22-23, 25-27; 322-23, 373-74, 414, 445-46, 456). Thus, the ALJ could

reasonably find that Dr. Aswani's opinions were vague and unsupported by the medical record, and that Dr. Aswani's own treatment notes did not support a finding of disability. See Tr. 24-26; 20 C.F.R. § 404.1520c(b)(2), 416.920c(b)(2).

The ALJ also noted that Dr. Aswani's opinion was inconsistent with Plaintiff's objective examination findings showing "largely normal baseline physical findings with full strength and range of motion throughout." See (Tr. 26-27); 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). Indeed, as the ALJ explained, though Plaintiff displayed a limping gait and swelling during a November 2018 visit with Dr. Aswani, other objective findings from throughout the relevant period revealed that Plaintiff had a normal gait, normal range of motion, and full extremity strength. See Tr. 322-23, 373-74, 414, 445-46, 456. Therefore, the ALJ could reasonably find that Dr. Aswani's opinion was inconsistent with Plaintiff's largely normal longitudinal medical record. See 20 C.F.R. § 404.1520c(b)(2), 416.920c(b)(2).

When viewing the ALJ's decision in its totality, the ALJ properly considered Dr. Aswani's medical opinions and statements by indicating that he found them "not persuasive" after considering the supportability and consistency of the opinions. (Tr. 26-27); see 20 C.F.R. §§ 404.1520c(a), (b)(2), (c)(1), (2), 416.920c(a), (b)(2), (c)(1), (2). Plaintiff argues that the ALJ did not "explain" his reasoning in detail, but in doing so, she generally only cites to evidence in support of her assertion that the ALJ should have found Dr. Aswani's opinions persuasive. Such selective evidentiary recitations are insufficient

under the substantial evidence standard, even where they arguably support Plaintiff's position, when substantial evidence also supports the ALJ's reasoning. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App' x 58, 59 (2d Cir. 2013) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ' s decision.") (citations omitted). Plaintiff's arguments amount to nothing more than mere disagreement with how the ALJ considered the evidence of record, and therefore, must be rejected. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d. Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

Plaintiff's argument that the ALJ erred in explaining the consistency factor because a decision requires "more than vague references to the overall record" is without merit. *See* Pl. Br. 12. Here, the ALJ made more than a vague reference to the "overall" record and expressly stated that Dr. Aswani's opinion was inconsistent with Plaintiff's "largely normal baseline physical findings with full strength and range of motion throughout." *See* (Tr. 26-27). Further, as the ALJ had previously explained in his decision, Plaintiff had a sparse medical history and largely normal baseline objective examination findings pertaining to gait, strength, and range of motion, such as at her consultative examinations and at various emergency room visits. *See* (Tr. 24-25; Tr. 322-23, 373-74, 414, 445-46, 456). The ALJ also previously explained that other medical evidence, such as Dr. Aswani's treatment notes, did not establish more than sporadic symptom exacerbations controlled with medication. *See* (Tr. 24-25). The ALJ was not required to, as Plaintiff implies, again discuss these treatment notes in detail when assessing Dr. Aswani's opinion. *See Mongeur*, 722 F. 2d at 1040 (noting that a reviewing court can "look to other

portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence"); *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112-13 (2d Cir. 2010) (noting that "although the ALJ might have been more specific in detailing the reasons for" his conclusions, "other portions of the ALJ's detailed decision...demonstrate that substantial evidence supports this part of the ALJ's determination"). Requiring the ALJ to duplicate his discussion of Plaintiff's generally normal objective findings throughout her sparse treatment history would elevate form over substance, especially when the ALJ previously analyzed the medical record in detail in the paragraphs immediately preceding his analysis of Dr. Aswani's opinions. *See* (Tr. 24-25); *Mongeur*, 722 F. 2d at 1040; *see also Biestek*, 139 S.Ct. at 1154 (holding that that the deferential substantial evidence standard protects the agency from a claimant's attempts to impose "best practices" on it).

In fact, this Court recently rejected a similar argument and found that an ALJ's citation to and analysis of examination findings elsewhere in a decision was sufficient to support the ALJ's more general analysis regarding the persuasiveness of a medical author's opinion. *See Danielle S. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1013-DB, 2021 WL 2227913, at *6 (W.D.N.Y. June 2, 2021) (noting that though the ALJ did "not specifically cite to findings that supported the doctor's opinion," the ALJ still "cited to the clinical findings throughout the decision showing that Plaintiff was neurologically intact and had a normal gait, normal heel and toe walk, normal range of motion of the lumbar spine, and full strength in the upper and lower extremities, and cited the specific exhibits in support of his finding"). The ALJ here likewise cited to Plaintiff's often normal clinical findings throughout the decision, and the ALJ expressly analyzed whether Dr. Aswani's

treatment notes supported the need for further restriction. (Tr. 24-25, *citing to* Tr. 321-24, 372-75, 418,28, 438-46, 456-57). Therefore, the Court rejects Plaintiff's assertion that the ALJ did not adequately discuss the supportability of Dr. Aswani's opinions. *See Mark K.*, 2021 WL 4220621, at *5; *Danielle S.*, 2021 WL 2227913, at *6.

Plaintiff's assertion that the ALJ did not sufficiently explain the supportability of Dr. Aswani's opinions by dismissing them as vague is also without merit. Pl. Br. 11. Plaintiff correctly notes that opinions using language similar to that of Dr. Aswani's, such as notations of being "moderately" limited in certain areas, are not "'too vague to constitute substantial evidence' where the 'examiner conducts a thorough examination and explains the basis for the opinion.'" *Filer v. Comm'r of Soc. Sec.*, 435 F. Supp. 3d 517, 524 (W.D.N.Y. 2020). Here, however, contrary to Plaintiff's assertion that Dr. Aswani examined her "multiple times" in support of the opinion, Dr. Aswani's treatment notes do not document objective examination findings pertaining to Plaintiff prior to Dr. Aswani completing his August 2018 assessment form. *See* (Tr. 450-53, 604-05). Further, though Dr. Aswani examined Plaintiff in November 2018, he failed to reference any objective clinical examination findings when completing his later opinion form. (Tr. 458-59). The ALJ further considered whether Dr. Aswani's November 2018 examination of Plaintiff supported the need for further RFC restrictions but found those findings to be inconsistent with Plaintiff's sparse treatment history and largely normal longitudinal objective findings. *See* (Tr. 25-27). Thus, the ALJ could reasonably find that Dr. Aswani's opinions were vague and unsupported, and considering the overall record, could reasonably find that Dr. Aswani's treatment notes did not support a finding of disability. *See* (Tr. 24-26).

In sum, Plaintiff has not met her burden of proving that she was disabled or that she required a more restrictive RFC. *See Cage*, 692 at 123; *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."). Plaintiff merely asks the Court to reconsider the evidence, including Dr. Aswani's opinions, in her favor, but the deferential standard of review in this case prohibits the reassessment of evidence. *Krull*, 669 F. App'x at 32. Plaintiff has also not established that the ALJ was unreasonable in finding Dr. Aswani's opinions unpersuasive or in considering that Plaintiff largely had a normal gait and other musculoskeletal findings throughout treatment with only sporadic exacerbations. *See Brault*, 683 F.3d at 448.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is denied, and defendant's motion for judgment on the pleadings (Dkt. No. 13) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:  September 7, 2022
        Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge